IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DOROTHY A. LANGFORD           )
                              )
    Plaintiff,               )
                              )
vs.                           )   CASE NO. 2:06-cv-01025-WKW
                              )
                              )
McDONALD'S CORPORATION        )
                              )
    Defendant.               )
_____)

**ANSWER AND DEFENSES OF**
**DEFENDANT McDONALD'S CORPORATION**

COMES NOW Defendant McDonald's Corporation ("McDonald's"), and files its Answer and Defenses to Plaintiff's Complaint, showing this Court as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state any actionable claims against McDonald's upon which relief can be granted, and Plaintiff's Complaint should therefore be dismissed.

**SECOND DEFENSE**

McDonald's is named improperly as the Defendant in this lawsuit.

**THIRD DEFENSE**

McDonald's was never Plaintiff's employer.

### FOURTH DEFENSE

McDonald's never established any of the terms or conditions of Plaintiff's employment.

### FIFTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation, both as to relief and evidence to be received in this action.

### SIXTH DEFENSE

Plaintiff failed to exhaust her available administrative remedies, and is therefore barred from recovery in whole or in part.

### SEVENTH DEFENSE

Plaintiff failed to mitigate her damages, and is therefore barred from recovery in whole or in part.

### EIGHTH DEFENSE

Plaintiff failed to plead sufficient facts to set forth a claim for punitive damages against McDonald's under federal law.

### NINTH DEFENSE

To the extent Plaintiff seeks punitive damages, now or in the future, such damages are barred from recovery because Defendant has not engaged in any unlawful practice intentionally, willfully, maliciously, recklessly, or with specific intent to harm Plaintiff.

**TENTH DEFENSE**

To the extent Plaintiff seeks punitive damages, now or in the future, such a claim is unconstitutional as a violation of the Due Process Clause of the United States Constitution or otherwise.

**ELEVENTH DEFENSE**

Plaintiff's claims for equitable relief are barred by the one or more of the doctrines of laches, unclean hands, estoppel, and/or waiver.

**TWELFTH DEFENSE**

McDonald's answers the individually enumerated paragraphs of Plaintiff's Complaint as follows:

**PARTIES**

1.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore McDonald's denies those allegations.

2.

McDonald's admits the allegations contained in Paragraph 2 of Plaintiff's Complaint, but McDonald's denies any and all liability to Plaintiff whatsoever, and denies that it is a proper party to this litigation.

**VENUE AND JURISDICTION**

3.

McDonald's admits the allegations contained in Paragraph 3 of Plaintiff's Complaint, but McDonald's denies any and all liability to Plaintiff whatsoever, and denies that it is a proper party to this litigation.

4.

McDonald's admits that jurisdiction is proper, but McDonald's denies any and all liability to Plaintiff whatsoever, and denies that it is a proper party to this litigation.

5.

McDonald's admits that venue is proper, but McDonald's denies any and all liability to Plaintiff whatsoever, and denies that it is a proper party to this litigation.

**FACTS**

6.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore McDonald's denies those allegations, and affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's is neither Plaintiff's employer, nor a proper party to this action.

7.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore McDonald's denies those allegations, and affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's is neither Plaintiff's employer, nor a proper party to this action.

8.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore McDonald's denies those allegations, and affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's is neither Plaintiff's employer, nor a proper party to this action.

9.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore McDonald's denies those allegations, and affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's is neither Plaintiff's employer, nor a proper party to this action.

10.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore McDonald's denies those allegations, and affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's is neither Plaintiff's employer, nor a proper party to this action.

11.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's Complaint, and therefore McDonald's denies those allegations, and affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's is neither Plaintiff's employer, nor a proper party to this action.

12.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore McDonald's denies those allegations, and affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's is neither Plaintiff's employer, nor a proper party to this action.

13.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiff's Complaint, and therefore McDonald's denies those allegations, and affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's is neither Plaintiff's employer, nor a proper party to this action.

14.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of Plaintiff's Complaint, and therefore McDonald's denies those allegations, and affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's is neither Plaintiff's employer, nor a proper party to this action.

**CAUSE OF ACTION**

15.

Plaintiff hereby incorporates and realleges Paragraphs 1 through 14 as if fully set forth herein.

16.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of Plaintiff's Complaint, and

therefore McDonald's denies those allegations, and affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's is neither Plaintiff's employer, nor a proper party to this action.

17.

To the extent Paragraph 17 of Plaintiff's Complaint requires an answer, McDonald's denies the allegations contained in Paragraph 17 of Plaintiff's Complaint, and states that Plaintiff is not entitled to any of the relief sought through that Paragraph.

18.

McDonald's denies each and every allegation contained in Plaintiff's Complaint not expressly admitted above, and McDonald's denies any and all liability to Plaintiff whatsoever.

**PRAYER FOR RELIEF**

19.

In response to the "Wherefore Paragraph," McDonald's denies that Plaintiff is entitled to any of the relief sought through that Paragraph, and states that Plaintiff is not entitled to any relief in this action.

**JURY DEMAND**

20.

McDonald's demands a trial by jury on all issues triable of right in this case.

WHEREFORE, having answered Plaintiff's Complaint in its entirety, Defendant McDonald's Corporation respectfully requests judgment in its favor, that all costs be cast against Plaintiff, and that it be awarded its reasonable attorneys' fees, expenses, and costs, as well as any other relief to which it is entitled to receive at law or in equity.

This 21st day of December, 2006

                        Respectfully submitted,

                        s/ Jack L. McLean, Jr.
                        Jack L. McLean, Jr.
                        Georgia Bar No. 496855
                        Admitted Pro Hac Vice
                        M. Kristi Wallace
                        Alabama Bar No. 2980-A30M

                        Attorneys for Defendant
                        McDonald's Corporation

**OF COUSNEL**:

HOLLAND & KNIGHT LLP
One Atlantic Center, Suite 2000
1201 West Peachtree Street, N.E.
Atlanta, Georgia  30309-3400
(404) 817-8500 (Telephone)
(404) 881-0470 (Facsimile)
jack.mclean@hklaw.com
kristi.wallace@hklaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DOROTHY A. LANGFORD | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO. 2:06-cv-01025-WKW |
| | ) |
| McDONALD'S CORPORATION | ) |
| | ) |
|     Defendant. | ) |

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this date served a copy of the within and foregoing **ANSWER AND DEFENSES OF McDONALD'S CORPORATION** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

> Jackson B. Harrison
> The Harrison Law Frim, LLC
> 8425 Crossland Loop
> Montgomery, Alabama  36117
> lisaandbrett96@yahoo.com

This 21st day of December, 2006.

> s/ Jack L. McLean, Jr.
> Jack L. McLean, Jr.
> Georgia Bar No. 496855
> Admitted Pro Hac Vice
>
> Attorney for Defendant
> McDonald's Corporation

# 4252950_v2

10