```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF ALABAMA
                        NORTHERN DIVISION


DOROTHY A. LANGFORD              )
                                 )
     Plaintiff,                  )
                                 )
vs.                              )   CASE NO. 2:06-cv-01025-WKW
                                 )
                                 )
McDONALD'S CORPORATION           )
                                 )
     Defendant.                  )
_____)
```

                **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

1.   Pursuant to Fed. R. Civ. P. 26(f), a meeting was held, via telephone, on January 22, 2007, and was attended by:

    (a)    Jackson B. Harrison
           Counsel for Plaintiff Dorothy Langford
           The Harrison Law Firm, LLC
           8425 Crossland Loop
           Montgomery, Alabama  36117
           (334) 819-8920 Telephone
           (334) 819-8923 Facsimile
           lisaandbrett96@yahoo.com

    (b)    Jack L. McLean, Jr.
           Lead Counsel for Defendant McDonald's Corporation
           Holland & Knight LLP
           One Atlantic Center, Suite 2000
           1201 West Peachtree Street, NE
           Atlanta, Georgia  30309
           (404) 817-8500 Telephone
           (404) 881-0470 Facsimile
           jack.mclean@hklaw.com

2.    **Pre-Discovery Disclosures**.

    The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) no later than February 5, 2007.

3.  **Discovery Plan**.

   The parties jointly propose to this Court the following discovery plan:

   (a) Discovery is needed on the following subjects:

   (1) The theft investigation and any applicable policies and procedures in effect at the franchise location at the time of the events alleged in Plaintiff's Complaint;

   (2) The register procedures in effect at the franchise location at the time of the events alleged in Plaintiff's Complaint;

   (3) The employment histories of Plaintiff's alleged comparators;

   (4) The alleged use of racial slurs within the franchise location;

   (5) Defendant's affirmative defenses, including, but not limited to:

   (a) The status of Defendant as Plaintiff's employer;

   (b) Plaintiff's compliance with applicable administrative relief procedures, including, but not limited to, those set forth by the Equal Employment Opportunity Commission;

   (c) Mitigation of damages;

   (d) Punitive damages; and

   (6) Whether or not there exists any vicarious liability;

   (b) Disclosure or discovery of electronically stored information ("ESI") will be handled as follows:

   The parties agree that, if necessary, they will undertake to confer and exchange the following information:

      (1) A list of the person(s) most knowledgeable about the relevant computer system(s) or network(s), the storage and retrieval of ESI, and the backup, archiving, retention, and routine destruction of ESI, together with pertinent contact information and a brief description of each person's responsibilities;

      (2) A list of the most likely custodian(s), other than the parties, of relevant electronic data, together with pertinent contact information, a brief description of each custodian's responsibilities, and a description of the ESI in each custodian's possession, custody, or control;

      (3) A list of each electronic system that may contain relevant ESI and each potentially relevant electronic system that was operating during the time periods relevant to the matters in dispute, together with a general description of each system;

      (4) An indication whether relevant ESI may be of limited accessibility or duration of existence;

      (5) A list of relevant ESI that has been stored off-site or off-system;

      (6) A description of efforts undertaken to preserve relevant ESI;

      (7) The form of production preferred by the parties if such production becomes necessary; and

      (8) Notice of any known problems reasonably anticipated to arise in connection with compliance as to either party's e-discovery requests.

(c) The parties will agree to an Order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows:

      (1) Only Qualified Persons may have access to Confidential Information.

(2) Qualified Persons shall use Confidential Information solely for the purposes of this action and shall not disclose Confidential Information to anyone other than a Qualified Person.

(3) Prior to the receipt of Confidential Information, all Qualified Persons shall be familiarized with any Order regarding Confidential Information.

(4) If either party intends to file with this Court or offer into evidence at trial or in any other proceeding in open court any document(s) containing Confidential Information, the party shall serve reasonable advance written notice, but in no event less than fifteen (15) days, on opposing counsel to afford that party the opportunity to bring before this Court the matter of the protection of the confidentiality of such document(s) or such information. This Court will have an opportunity to review such Confidential Information to determine, among other things, if the Confidential Information must be submitted under seal.

(5) All Confidential Information, including any copies thereof and any notices or other records regarding such information, shall be permanently maintained within the exclusive custody and control of the counsel for the party receiving such information. However, Confidential Information may be temporarily removed from said custody and control in order to permit Qualified Persons to utilize it in any depositions or court proceedings in this action.

(6) Within sixty (60) days of the termination of this action, each party shall return all documents containing Confidential Information received from the party to that party, including all copies of such documents which may have been made, but not including any notices or other attorney work product that may have been placed thereon by counsel. The party receiving back such Confidential Information shall acknowledge the receipt of such documents in writing. Any copies of Confidential Information claimed to contain

>            attorney work product shall be destroyed by
>            Plaintiff's counsel within sixty (60) days of the
>            termination of this action.
>
>    (7)  Nothing in any Order regarding Confidential
>         Information will prejudice either party from
>         seeking amendments thereto.

   (d)  All discovery commenced in time to be completed by August 3, 2007.

   (e)  Maximum of 25 interrogatories by each party to any other party.  Responses are due 30 days after service.

   (f)  Maximum of 30 requests for admission by each party to any other party.  Responses are due 30 days after service.

   (g)  Maximum of 7 depositions by Plaintiff and 7 by Defendant.

   (h)  Each deposition limited to maximum of 7 hours, unless extended by agreement of parties.

   (i)  Reports from retained experts under Rule 26(a)(2) due:

        (1)  From Plaintiff by:  Not applicable; and
        (2)  From Defendant by:  Not applicable.

   (j)  Supplementations under Rule 26(e) due May 1, 2007, and August 1, 2007, respectively.

4. **Other Items**.

   (a)  The parties do not request a conference with this Court before entry of the scheduling order.

   (b)  The parties request a pretrial conference on November 5, 2007.

   (c)  Plaintiff should be allowed until March 2, 2007, to join additional parties and until March 2, 2007, to amend the pleadings.

   (d)  Defendant should be allowed until April 2, 2007, to join additional parties and until April 2, 2007, to amend the pleadings.

    (e)  All potentially dispositive motions should be filed by September 10, 2007.

    (f)  Settlement cannot be evaluated prior to March 2, 2007.

    (g)  Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

        (1)  From Plaintiff by:  November 10, 2007; and
        (2)  From Defendant by:  November 10, 2007.

    (h)  The parties should have fourteen (14) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    (i)  The case should be ready for trial by December 10, 2007, and at this time is expected to take approximately 3 days.

This 25th day of January, 2007.

                                        Respectfully submitted,

| | |
|---|---|
| s/ Jack L. McLean, Jr. | s/ Jackson B. Harrison |
| Jack L. McLean, Jr. | Jackson B. Harrison |
| Georgia Bar No. 496855 | Alabama Bar No. HAR285 |
| *Admitted Pro Hac Vice* | **OF COUNSEL**: |
| M. Kristi Wallace | The Harrison Law Firm, LLC |
| Alabama Bar No. 2980-A30M | 8425 Crossland Loop |
| **OF COUNSEL**: | Montgomery, Alabama  36117 |
| Holland & Knight LLP | (334) 819-8920 Telephone |
| One Atlantic Center, Suite 2000 | (334) 819-8923 Facsimile |
| 1201 West Peachtree Street, NE | lisaandbrett96@yahoo.com |
| Atlanta, Georgia  30309 | |
| (404) 817-8500 Telephone | |
| (404) 881-0470 Facsimile | |
| jack.mclean@hklaw.com | |
| kristi.wallace@hklaw.com | |

# 4312372_v1