### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| DOROTHY A. LANGFORD | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | ) CASE NO. 2:06-cv-01025-WKW-CSC |
| | ) |
| | ) |
| McDONALD'S CORPORATION | ) |
| | ) |
|     **Defendant.** | ) |
| _____ | ) |

### ANSWER AND DEFENSES OF
### DEFENDANT McDONALD'S CORPORATION
### TO PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES

COMES NOW Defendant McDonald's Corporation ("McDonald's"), and files its Answer and Defenses to Plaintiff's Amended Complaint for Damages, showing this Court as follows:

### FIRST DEFENSE

Plaintiff's Amended Complaint for Damages fails to state any actionable claims against McDonald's upon which relief can be granted, and Plaintiff's Amended Complaint for Damages should therefore be dismissed.

### SECOND DEFENSE

McDonald's is named improperly as a Defendant in this lawsuit.

### THIRD DEFENSE

McDonald's was never Plaintiff's employer.

## FOURTH DEFENSE

Plaintiff's claims for equitable relief are barred by one or more of the doctrines of laches, unclean hands, estoppel, and/or waiver.

## FIFTH DEFENSE

McDonald's never established any of the terms or conditions of Plaintiff's employment.

## SIXTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation or other time limits, both as to relief and evidence to be received in this action.

## SEVENTH DEFENSE

Plaintiff failed to exhaust her available administrative remedies, and is therefore barred from recovery in whole or in part.

## EIGHTH DEFENSE

Plaintiff failed to mitigate her damages, and is therefore barred from recovery in whole or in part.

## NINTH DEFENSE

McDonald's answers the individually enumerated paragraphs of Plaintiff's Complaint as follows:

## PARTIES

### 1.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint for Damages, and therefore McDonald's denies those allegations.

### 2.

McDonald's admits the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint for Damages, but McDonald's denies any and all liability to Plaintiff whatsoever, and denies that it is a proper party to this litigation.

### 3.

McDonald's admits that Defendant Rogers is the president of the corporation that owns and operates the Millbrook, Alabama, franchise identified in Plaintiff's Amended Complaint for Damages, but McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 3 of Plaintiff's Amended Complaint for Damages, and therefore McDonald's denies those allegations.

## VENUE AND JURISDICTION

### 4.

McDonald's admits the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint for Damages, but McDonald's

denies any and all liability to Plaintiff whatsoever, and denies that it is a proper party to this litigation.

5.

McDonald's admits that jurisdiction is proper, but McDonald's denies any and all liability to Plaintiff whatsoever, and denies that it is a proper party to this litigation.

6.

McDonald's admits that venue is proper, but McDonald's denies any and all liability to Plaintiff whatsoever, and denies that it is a proper party to this litigation.

**FACTS**

7.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint for Damages, and therefore McDonald's denies those allegations, and affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's was neither Plaintiff's employer, nor is it a proper party to this action.

8.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint for Damages, and therefore McDonald's denies those allegations, and

affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's was neither Plaintiff's employer, nor is it a proper party to this action.

9.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint for Damages, and therefore McDonald's denies those allegations, and affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's was neither Plaintiff's employer, nor is it a proper party to this action.

10.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint for Damages, and therefore McDonald's denies those allegations, and affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's was neither Plaintiff's employer, nor is it a proper party to this action.

11.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint for Damages, and therefore McDonald's denies those allegations, and

affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's was neither Plaintiff's employer, nor is it a proper party to this action.

12.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint for Damages, and therefore McDonald's denies those allegations, and affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's was neither Plaintiff's employer, nor is it a proper party to this action.

13.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint for Damages, and therefore McDonald's denies those allegations, and affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's was neither Plaintiff's employer, nor is it a proper party to this action.

14.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint for Damages, and therefore McDonald's denies those allegations, and

affirmatively states that even if the allegations against the
franchisee-employer are proven, McDonald's was neither
Plaintiff's employer, nor is it a proper party to this action.

15.

McDonald's is without knowledge or information sufficient
to form a belief as to the truth or falsity of the allegations
contained in Paragraph 15 of Plaintiff's Amended Complaint for
Damages, and therefore McDonald's denies those allegations, and
affirmatively states that even if the allegations against the
franchisee-employer are proven, McDonald's was neither
Plaintiff's employer, nor is it a proper party to this action.

## CAUSE OF ACTION

16.

McDonald's hereby incorporates and realleges Paragraphs 1
through 15 as if fully set forth herein.

17.

McDonald's is without knowledge or information sufficient
to form a belief as to the truth or falsity of the allegations
contained in Paragraph 17 of Plaintiff's Amended Complaint for
Damages, and therefore McDonald's denies those allegations, and
affirmatively states that even if the allegations against the
franchisee-employer are proven, McDonald's was neither
Plaintiff's employer, nor is it a proper party to this action.

18.

To the extent Paragraph 18 of Plaintiff's Complaint requires an answer, McDonald's denies the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint for Damages, and states that Plaintiff is not entitled to any of the relief sought through that Paragraph.

19.

McDonald's denies each and every allegation contained in Plaintiff's Amended Complaint for Damages not expressly admitted above, and McDonald's denies any and all liability to Plaintiff whatsoever.

**PRAYER FOR RELIEF**

20.

In response to the "Wherefore Paragraph," McDonald's denies that Plaintiff is entitled to any of the relief sought through that Paragraph, and states that Plaintiff is not entitled to any relief in this action.

**JURY DEMAND**

21.

McDonald's demands a trial by jury on all issues triable of right in this case should such issues arise during the course of the parties' discovery.

WHEREFORE, having answered Plaintiff's Amended Complaint for Damages in its entirety, Defendant McDonald's Corporation

respectfully requests judgment in its favor, that all costs be cast against Plaintiff, and that it be awarded its reasonable attorneys' fees, expenses, and costs, as well as any other relief to which it is entitled to receive at law or in equity.

This 22nd day of March, 2007.

Respectfully submitted,

s/ Jack L. McLean, Jr.
Jack L. McLean, Jr.
Georgia Bar No. 496855
*Admitted Pro Hac Vice*

**OF COUSNEL**:

HOLLAND & KNIGHT LLP
One Atlantic Center, Suite 2000
1201 West Peachtree Street, N.E.
Atlanta, Georgia  30309-3400
(404) 817-8500 (Telephone)
(404) 881-0470 (Facsimile)
jack.mclean@hklaw.com

One of the Attorneys for
Defendant McDonald's
Corporation

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| DOROTHY A. LANGFORD | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | ) **CASE NO.2:06-cv-01025-WKW-CSC** |
| | ) |
| | ) |
| McDONALD'S CORPORATION | ) |
| | ) |
|     **Defendant.** | ) |
| _____ | ) |

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have this date served a copy of the within and foregoing **ANSWER AND DEFENSES OF McDONALD'S CORPORATION TO PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

                Jackson B. Harrison
                The Harrison Law Frim, LLC
                8425 Crossland Loop
                Montgomery, Alabama  36117
                lisaandbrett96@yahoo.com

    This 22nd day March, 2007.

                            s/ Jack L. McLean, Jr.
                            Jack L. McLean, Jr.
                            Georgia Bar No. 496855
                            *Admitted Pro Hac Vice*

One of the Attorneys for
Defendant McDonald's
Corporation

# 4429422_v1