**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| DOROTHY A. LANGFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | 2:06-cv-01025-WKW |
| ) | |
| McDONALD'S CORPORATION and ) | |
| BUDDY ROGERS, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT BUDDY ROGERS' MOTION TO DISMISS

Buddy Rogers, Defendant in the above-styled action (hereinafter "Defendant" or "Defendant Rogers"), pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, moves the Court to dismiss the claims against him contained in Plaintiff's Amended Complaint For Damages. As grounds for this motion, Defendant Rogers states as follows:

1. Plaintiff's Amended Complaint For Damages purports to state a cause of action under Title VII for race discrimination based upon the termination of Plaintiff's employment. *See* Amended Complaint for Damages at ¶ 17.

2. "As a prerequisite to filing a lawsuit, a Title VII employee must exhaust his or her administrative remedies by timely filing a charge of discrimination with the EEOC." *Cobb v. Marshall*, 2007 WL 788423, *2 (M.D. Ala. 2007) (*citing Alexander v. Fulton County, Georgia*, 207 F.3d 1303, 1332 (11th Cir.2000) (citing 42 U.S.C. § 2000e-5)).

3. Plaintiff's Amended Complaint For Damages is devoid of any allegation that she has exhausted her administrative prerequisites to filing suit under Title VII.

*See, generally,* Amended Complaint for Damages. Therefore, the Amended Complaint for Damages fails to state a claim under Title VII.

4. Moreover, Plaintiff's Title VII claims against Defendant Rogers in his individual capacity are due to be dismissed for failure to state a claim because there is no individual liability under Title VII. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991) (holding that "individual capacity suits under Title VII are ... inappropriate")).

5. "It is well established in this circuit that Title VII does not impose individual liability. A plaintiff may not bring a Title VII claim against an employer's agent in his or her individual capacity." *Cobb v. Marshall*, 2007 WL 788423, *2 (M.D. Ala. 2007) (citing *Busby*).

6. "There is no wiggle room here. Plaintiff's Title VII claims against the Served Individual Defendants are unsustainable as a matter of law." *Wallace v. UAW Local 1639*, 2006 WL 3834272 (S.D. Ala. Dec 22, 2006) (*citing, inter alia, Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) ("The law on this point is crystal clear. Earlier this year, the Eleventh Circuit 'expressly [held] that relief under Title VII is available only against the employer and not against individual employees whose actions would constitute a violation of the Act.'").

7. Based upon this clear precedent, Plaintiff's Amended Complaint for Damages fails to state a claim against individual Defendant Rogers as a matter of law.

WHEREFORE, Defendant Rogers respectfully requests that this Court dismiss the claims asserted against him in Plaintiff's Amended Complaint For Damages and grant any such other relief to which he may be entitled under law or statute, or as this Court may deem just and proper.

>Respectfully Submitted,
>
>s/Sally B. Waudby
>Sally B. Waudby ASB-4704-W84S
>swaudby@lehrmiddlebrooks.com

LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Jackson B. Harrison, Esq.
>The Harrison Firm, LLC
>8425 Crossland Loop
>Montgomery, AL  36117
>
>Respectfully submitted,
>
>s/Sally B. Waudby
>Sally B. Waudby ASB-4704-W84S
>Lehr Middlebrooks & Vreeland, P.C.
>P.O. Box 11945
>Birmingham, AL 35202-1945
>Phone:  (205) 326-3002
>Fax:  (205) 326-3008
>E-mail: swaudby@lehrmiddlebrooks.com
>Bar No.: ASB-4704-W84S

173381