UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DOROTHY A. LANGFORD )<br>      Plaintiff,                  )<br>v.                                  )         CASE NO. 2:06-cv-01025-WKW<br>                                    )<br>MCDONALD'S CORPORATION )<br>      Defendant,               ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT
BUDDY ROGERS' MOTION TO DISMISS**

COMES NOW Plaintiff, by and through undersigned counsel, and moves this Honorable Court to deny Defendant Buddy Rogers' Motion to Dismiss, and in support of Response the Plaintiff states as follows:

1)   Plaintiff exhausted her administrative remedies by timely filing a discrimination charge with the EEOC on August 3, 2006. Further, Plaintiff received from the EEOC a right to sue letter dated August 17, 2006. Plaintiff filed suit with this Court on November 15, 2006.

2)   The Defendant Buddy Rogers cited and quoted to this Court the case of Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir.1991) stating "individual capacity suits under Title VII are … inappropriate." The Defendant failed to apprise this Court that the Busby court was referring to "individual employees" not the president and sole authority of the employer. The Defendant Buddy Rogers is the President of DBR, Inc. and exercises total control over all of DBR, Inc.'s hiring, firing and conditions of employment.

3)   "An individual qualifies as an 'employer' under Title VII if he or she serves in supervisory position and exercises significant control over plaintiff's hiring, firing or conditions of employment." Sauers v. Salt Lake County, 1 F.3d 1122, 1125 (10th Cir.1993)

4)   "Officials and supervisors having responsibility and power to employ personnel and to control their conditions of employment have been held subject to Title VII. See, e.g., Owens v. Rush, 636 F.2d 283 (10th Cir.1980); Gay v. Board of Trustees, 608 F.2d 127 (5th Cir.1979); Goodman v. Board of Trustees, 511 F.Supp. 602 (N.D.Ill.1981); Kelly v. Richland School Dist. 2, 463 F.Supp. 216 (D.S.C.1978); Manley v. Mobile County, Ala., 441 F.Supp. 1351 (S.D.Ala.1977); Padilla v. Stringer, 395 F.Supp. 495 (D.N.M.1974); Byron v. University of Florida, 403 F.Supp. 49 (N.D.Fla.1975); Schaefer v. Tannian, 394

F.Supp. 1128 (E.D.Mich.1974); Compton v. Borden, Inc., 424 F.Supp. 157 (D.Ohio 1976); Curran v. Portland Superintending School Committee, 435 F.Supp. 1063 (S.D.Maine 1977); Jeter v. Boswell, 554 F.Supp. 946 (D.W.Va.1983)." Tafoya v. Adams, 612 F.Supp. 1097, 1104 (D.C.Colo.,1985).

WHEREFORE, the Plaintiff having a lawful claim against the Defendant, Buddy Rogers, the Plaintiff respectfully prays that this Honorable Court schedule a hearing to provide both parties an opportunity to present oral argument on the issue at hand. Further, the Plaintiff respectfully prays this Honorable Court deny the Defendant's Motion to Dismiss.

Respectfully submitted this the 30th day of April, 2007.

_____
Jackson B. Harrison (HAR285)
Attorney for Plaintiff

OF COUNSEL:
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, AL 36117
(334) 819-8920
(334) 819-8923 fax

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing upon the following persons by means of delivery shown below and to the location designated, properly addressed and delivery charges prepaid on this the 30th day of April, 2007, viz:

JACK L. MCLEAN, JR., ESQ
ONE ATLANTIC CENTER SUITE, 2000
1201 WEST PEACHTREE STREET, NE
ATLANTA, GA 30309

Sally B. Waudby, ESQ
Lehr Middlebrooks & Vreeland, P.C.
P.O. Box 11945
Birmingham, AL 35202-1945

[ xx ] U.S. MAIL    [   ] HAND DELIVERY    [   ] FACSIMILE    [   ] FEDEX

_____
OF COUNSEL