UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DOROTHY A. LANGFORD<br>Plaintiff,<br><br>v.<br><br>MCDONALD'S CORPORATION<br>Defendant, | )<br>)<br>)<br>)  CASE NO. 2:06-cv-01025-WKW<br>)<br>)<br>) |

## MOTION TO AMEND COMPLAINT TO ADD A PARTY

COMES NOW Plaintiff, by and through undersigned counsel, and moves this Honorable Court to grant Plaintiff's Motion to Amend the above styled Complaint to add a party, attached hereto. In support of Motion, Plaintiff states as follows:

1) The proposed additional Defendant, DBR, INC, is the entity that holds the local franchise and is an indispensable party to this claim.

2) Pursuant to Rule 19 of the Federal Rules of Civil Procedure, the proposed additional Defendant, DBR, INC "shall be joined as a party in the action if … in the person's absence complete relief cannot be accorded among those already parties."

3) The identity of the proposed additional Defendant, DBR, INC. has only recently become ascertainable.

WHEREFORE, the Plaintiff having a lawful claim against the proposed Defendant, DBR, INC, the Plaintiff respectfully prays that this Honorable Court grant its Motion to Amend Complaint to Add a Party.

Respectfully submitted this the 30th day of April, 2007.

Jackson B. Harrison (HAR285)
Attorney for Plaintiff

OF COUNSEL:
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, AL 36117
(334) 819-8920
(334) 819-8923 fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following persons by means of delivery shown below and to the location designated, properly addressed and delivery charges prepaid on this the 30th day of April, 2007, viz:

JACK L. MCLEAN, JR., ESQ
ONE ATLANTIC CENTER SUITE, 2000
1201 WEST PEACHTREE STREET, NE
ATLANTA, GA 30309

Sally B. Waudby, ESQ
Lehr Middlebrooks & Vreeland, P.C.
P.O. Box 11945
Birmingham, AL 35202-1945

[ xx ] U.S. MAIL    [ ] HAND DELIVERY    [ ] FACSIMILE    [ ] FEDEX

_____
OF COUNSEL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DOROTHY A. LANGFORD ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 2:06-cv-01025-WKW |
| ) | |
| MCDONALD'S CORPORATION and ) | |
| BUDDY ROGERS, ) | |
| ) | |
| Defendants, ) | **JURY TRIAL DEMANDED** |

### AMENDED COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Dorothy A. Langford (hereinafter referred to as Langford), and alleges the following against the Defendants:

### PARTIES

1) Langford, is over the age of eighteen (18) and is a resident of Elmore County, AL.

2) The Defendant McDonald's Corporation (hereinafter referred to as McDonald's) is a corporation organized under the laws of Delaware, qualified to do business in Alabama, with its principle place of business being located in Illinois, at 2111 McDonald's Drive, Oak Brook Illinois, 60523.

3) The Defendant Buddy Rogers is over the age of eighteen (18), owner of the Millbrook franchise of McDonald's and is a resident of Autuaga County, AL.

4) The Defendant DBR, INC (hereinafter referred to as DBR) is a corporation organized under the laws of Alabama with its principle place of business being located in Alabama, at 508 Five Oaks, Prattville, AL 36066.

## VENUE AND JURISDICTION

5) This action is brought pursuant to 28 U.S.C. § 1343(a)(3-4) and 42 U.S.C. § 2000(e)(1-15). The rights, privileges and immunities sought herein to be redressed are those secured by the equal protection and Due Process clauses of the Fifth and Fourteenth Amendment of the United States Constitution.

6) Jurisdiction for this action exists under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3-4), and 42 U.S.C. § 2000(e)(1-15).

7) Venue for this action is proper pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1343(a)(3-4).

## FACTS

8) Langford is an eighteen year old African-American female who worked for the McDonald's franchise in Millbrook, AL, until the incident that is the basis of this suit.

9) DBR owns the McDonald's franchise and was the employer of Langford until the incident that is the basis of this suit.

10) Buddy Rogers is the president of DBR and is the sole authority as to the day to day operations of DBR.

11) Buddy Rogers serves DBR in a supervisory position and exercises significant control over Langford's hiring, firing and conditions of employment.

12) On or about February 22, 2006 Langford was confronted by Buddy Rogers, a Caucasian male and President of DBR, Inc, about twenty-eight ($28) dollars that was missing from a cash register. The money was missing from a cash register that was never in the possession of Langford.

13) The Millbrook City Police were called to investigate the incident. The police questioned every employee working that day. The managerial staff at this McDonald's franchise also investigated the incident, questioning every employee working that day.

14) Langford told the police and the McDonald's managerial staff that she was did not know who was responsible for the missing money.

15) The managerial staff at McDonald's told Langford to write a statement and present the statement to McDonald's within two days. Langford produced her statement to the managerial staff at this McDonald's franchise within the prescribed period.

16) The investigation revealed that the money was missing from a register in the sole possession of Buddy Massingale (hereinafter referred to as Massingale), a Caucasian male and the brother-in-law of the manager of this franchise.

17) On or about February 28, 2006 Langford was wrongfully fired from her employment with the McDonald's, DBR, and Buddy Rogers because she was an African-American female.

18) The investigation revealed that Massingale actually stole the money.

19) On several occasions during the investigation, the managerial staff used racial slurs to refer to Langford and other African-American employees of McDonald's and DBR.

## CAUSE OF ACTION

20) The foregoing paragraphs 1 thru 16 are incorporated by reference as if fully stated herein.

21) Langford's dismissal was in violation of the Equal Employment Opportunity Act, also known as Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(2)(m), *et seq.*, and guidelines promulgated thereunder.

22) WHEREFORE, premises considered, Langford seeks relief as the jury deems appropriate, including compensatory damages, reasonable attorney's fees and cost.

### PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff, Langford, respectfully prays that this Court:

(a) Assume jurisdiction over this action;

(b) Empanel a jury to decide such triable issues as may exist in this case;

(c) Grant to Plaintiff such relief to which it is entitled;

(d) Make such award of costs, attorney's fees and expenses as may be permitted by law or equity.

Respectfully submitted this 30th day of April, 2007.

_____
Jackson B. Harrison (HAR285)
Attorney for Plaintiff

**PLAINTIFF DEMANDS TRIAL BY JURY.**

_____
Of Counsel

OF COUNSEL:
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, AL 36117
(334) 819-8920
(334) 819-8923 fax