UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

RECEIVED
2007 MAY 11  P 2: 50
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| DOROTHY A. LANGFORD ) | |
|    Plaintiff, ) | |
| v. ) | CASE NO. 2:06-cv-01025-WKW |
| ) | |
| MCDONALD'S CORPORATION ) | |
|    Defendant, ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT
BUDDY ROGERS' REPLY**

COMES NOW Plaintiff, by and through undersigned counsel, and moves this Honorable Court to deny Defendant Buddy Rogers' Motion to Dismiss, and in support of Response the Plaintiff states as follows:

1)  Title VII defines employer as a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person." 42 U.S.C.A. § 2000e(b). "We accord a liberal construction to the term 'employer' under Title VII." Lyes v. City of Riviera Beach, Fla., 166 F.3d 1332, 1341 (11th Cir.1999).

2)  "Where the employer has delegated control of some of the employer's traditional rights, such as hiring or firing, to a third party, the third party has been found to be an 'employer' by virtue of the agency relationship." Williams v. City of Montgomery, 742 F.2d 586, 589 (11th Cir.1984). Here, Buddy Rogers as the president and sole manager of DBR, Inc. retained complete and unfettered control over all hiring and firing of the employees. Buddy Rogers was not only delegated "some of [DBR, Inc.'s] traditional rights, such as hiring or firing" he was delegated all of the authority to control the employee/ employer relationship.

3)  "An individual qualifies as an 'employer' under Title VII if he or she serves in supervisory position and exercises significant control over plaintiff's hiring, firing or conditions of employment." Sauers v. Salt Lake County, 1 F.3d 1122, 1125 (10th Cir.1993).

WHEREFORE, the Plaintiff having a lawful claim against the Defendant, Buddy Rogers, Plaintiff respectfully prays that this Honorable Court deny the Defendant's Motion to Dismiss.

Respectfully submitted this the 9th day of May, 2007.

*/s/ Jackson B. Harrison*
Jackson B. Harrison (HAR285)
Attorney for Plaintiff

OF COUNSEL:
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, AL 36117
(334) 819-8920
(334) 819-8923 fax

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following persons by means of delivery shown below and to the location designated, properly addressed and delivery charges prepaid on this the 30th day of April, 2007, viz:

JACK L. MCLEAN, JR., ESQ
ONE ATLANTIC CENTER SUITE, 2000
1201 WEST PEACHTREE STREET, NE
ATLANTA, GA 30309

Sally B. Waudby, ESQ
Lehr Middlebrooks & Vreeland, P.C.
P.O. Box 11945
Birmingham, AL 35202-1945

[ xx ] U.S. MAIL   [  ] HAND DELIVERY   [  ] FACSIMILE   [  ] FEDEX

*/s/*
OF COUNSEL