**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **DOROTHY A. LANGFORD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NUMBER:** |
| v. ) | **2:06-cv-01025-WKW** |
| ) | |
| **McDONALD'S CORPORATION and** ) | |
| **BUDDY ROGERS,** ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANT DBR, INC.'S ANSWER TO PLAINTIFF'S
FOURTH AMENDED COMPLAINT AND DEFENSES**

DBR, Inc. one of the Defendants in the above-styled action, responds to Plaintiff's Fourth Amended Complaint as follows:

1. On information and belief, Defendant admits the allegations of paragraph one of Plaintiff's Fourth Amended Complaint.

2. On information and belief, Defendant admits the allegations of paragraph two of Plaintiff's Fourth Amended Complaint.

3. Defendant admits the allegations of paragraph three of Plaintiff's Fourth Amended Complaint.

4. Defendant admits that this action purports to be brought under the statutes and laws listed in paragraph four of Plaintiff's Fourth Amended Complaint. Defendant denies that it engaged in any unlawful conduct. Defendant denies the remaining allegations of paragraph four of Plaintiff's Fourth Amended Complaint.

5. Defendant admits that the court has subject matter jurisdiction. Defendant denies the remaining allegations of paragraph five of Plaintiff's Fourth Amended Complaint.

6. Defendant admits that venue is proper. Defendant denies the remaining allegations of paragraph six of Plaintiff's Fourth Amended Complaint.

7. On information and belief, Defendant admits that Plaintiff is an eighteen year old African American female. Defendant admits that Plaintiff worked at its restaurant in Millbrook, Alabama from approximately December 29, 2005 until approximately February 28, 2006. Defendant denies the remaining allegations of paragraph seven of Plaintiff's Fourth Amended Complaint.

8. Defendant admits that Plaintiff was employed at its restaurant in Millbrook, Alabama from approximately December 29, 2005 until approximately February 28, 2006. Defendant denies the remaining allegations of paragraph eight of Plaintiff's Fourth Amended Complaint.

9. Defendant admits that after DBR, Inc. discovered that certain money was missing from one of its cash drawers, it performed an investigation of the matter by having each employee provide a written statement about their knowledge relating to the missing money. Defendant denies the remaining allegations of paragraph nine of Plaintiff's Fourth Amended Complaint.

10. Defendant admits that DBR, Inc. notified the police about the missing money and the police came to the restaurant to investigate the matter. Defendant further admits that DBR, Inc. also performed its own investigation of the matter by having each employee provide a written statement about their knowledge relating to the missing money. Defendant denies the remaining allegations of paragraph ten of Plaintiff's Fourth Amended Complaint.

11.     Defendant is without sufficient information to admit or deny the allegations of paragraph eleven of Plaintiff's Fourth Amended Complaint and, on that basis, denies the allegations of paragraph eleven of Plaintiff's Fourth Amended Complaint.

12.     Defendant admits that after DBR, Inc. discovered that certain money was missing from one of its cash drawers, it performed an investigation of the matter by having each employee provide a written statement about their knowledge relating to the missing money. Defendant admits that Plaintiff provided her statement within the appropriate time period. Defendant denies the remaining allegations of paragraph twelve of Plaintiff's Fourth Amended Complaint.

13.     Defendant denies the allegations of paragraph thirteen of Plaintiff's Fourth Amended Complaint.

14.     Defendant admits that it terminated Plaintiff's at-will employment on or about February 28, 2006 because, based upon its investigation and the statements of the other employees, it believed that Plaintiff was either not truthful or not fully forthcoming during its investigation of the missing money. Defendant denies the remaining allegations of paragraph fourteen of Plaintiff's Fourth Amended Complaint.

15.     Defendant denies the allegations of paragraph fifteen of Plaintiff's Fourth Amended Complaint.

16.     Defendant denies the allegations of paragraph sixteen of Plaintiff's Fourth Amended Complaint.

17.     Defendant adopts and incorporates by reference, as if set forth fully herein, its responses to paragraphs one through sixteen of Plaintiff's Fourth Amended Complaint.

18.   Defendant denies the allegations of paragraph eighteen of Plaintiff's Fourth Amended Complaint.

19.   Defendant denies that Plaintiff is entitled to the relief she seeks, or any other relief from Defendant.  Defendant denies the remaining allegations in paragraph nineteen of Plaintiff's Fourth Amended Complaint.

In response to Plaintiff's Prayer for Relief, including subparagraphs a. through d., Defendant denies that Plaintiff is entitled to the relief she seeks, or any other relief from Defendant.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendant hereby asserts the following affirmative and additional defenses to Plaintiff's Fourth Amended Complaint, but does not assume the burden of proof on any such defenses except as required by applicable law with respect to a particular defense asserted. Defendant further reserves the right to assert other affirmative and additional defenses and/or otherwise to supplement this Answer to Plaintiff's Fourth Amended Complaint upon discovery of facts or evidence rendering such action appropriate.

### First Defense

Any factual assertions or allegations made in Plaintiff's Fourth Amended Complaint that are not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

### Second Defense

Defendant did not engage in or ratify or condone any discriminatory conduct toward Plaintiff.

### Third Defense

Plaintiff cannot prove any discriminatory conduct by Defendant; alternatively, even if Plaintiff could prove discriminatory conduct by Defendant (which Plaintiff cannot), Defendant would have taken the same actions based upon legitimate, non-discriminatory, and lawful reasons.

### Fourth Defense

Plaintiff is not entitled to some or all of the relief requested in her Fourth Amended Complaint because, even if Defendant was found to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, which Defendant denies, no material decisions or actions were motivated by any impermissible factors.

### Fifth Defense

Plaintiff is not entitled to some or all of the relief requested in her Fourth Amended Complaint because, even if Defendant was found to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, which Defendant denies, Defendant would have taken the same actions regardless of any impermissible factors.

### Sixth Defense

Some or all of Plaintiff's claims are barred because Defendant maintained, disseminated and enforced a clear policy against discrimination, establishing reasonable and effective means of reporting and seeking relief from conduct believed to be discriminatory and because Defendant acted in accordance with this policy at all times.

### Seventh Defense

Plaintiff's claims are barred because Plaintiff failed to make a timely report concerning the discrimination alleged in the Complaint.

### Eighth Defense

Even if any alleged discrimination occurred, which Defendant denies, some or all of Plaintiff's claims are barred to the extent she failed to put Defendant on notice of the alleged misconduct in a timely manner, and thus failed to provide Defendant a reasonable opportunity to remedy.

### Ninth Defense

Defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior.

### Tenth Defense

Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

### Eleventh Defense

Defendant did not engage in any willful violation of any law, and Defendant did not act with malice or with reckless indifference to the federally protected rights of Plaintiff.

### Twelfth Defense

Plaintiff failed to mitigate her alleged damages. Alternatively, to the extent Plaintiff did mitigate, Defendant is entitled to an offset.

### Thirteenth Defense

Plaintiff failed to plead special damages with specificity as required by the Federal Rules of Civil Procedure, therefore, she is barred from any recovery of special damages.

### Fourteenth Defense

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitutions of the United States of America and the State of Alabama.

### Fifteenth Defense

Plaintiff is due none of the relief requested.

### Sixteenth Defense

Plaintiff is not entitled to attorneys' fees, costs or expenses.

### Seventeenth Defense

Defendant affirmatively avers that any Title VII claims of Plaintiff that arose more than 180 days prior to the filing of her Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) are barred for failure to meet the conditions precedent to bringing this action. Moreover, any Title VII claims outside the scope of a reasonable investigation of that Charge of Discrimination are likewise barred.

### Eighteenth Defense

Defendant affirmatively avers that Plaintiff failed to fulfill all conditions precedent to filing her lawsuit with regard to some or all of her claims.

### Nineteenth Defense

Defendant's actions regarding Plaintiff were based on legitimate, non-discriminatory business reasons involving reasonable factors other than race.

### Twentieth Defense

Defendant has neither engaged in nor ratified or condoned any behavior of any of its agents which may be characterized as intentional, reckless, negligent, or otherwise unlawful.

### Twenty-First Defense

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, collateral estoppel, issue preclusion, laches, consent and/or unclean hands.

### Twenty-Second Defense

Any damages or losses Plaintiff allege to have suffered were, in whole or in part, the proximate and/or actual result of Plaintiff's own actions and/or the conduct of others than Defendant.

### Twenty-Third Defense

The employment practices of Defendant are now, and have been during the period of time referred to in the Fourth Amended Complaint, conducted in all respects in accordance with State and Federal laws, regulations and constitutions.  All actions taken with respect to Plaintiff's employment were taken for legitimate business reasons, which were unrelated to race, any alleged protected conduct, or any unlawful motive, and Plaintiff is entitled to no relief.  There is no causal relationship between the acts of Defendant and the alleged injuries or damages allegedly suffered by Plaintiff.

### Twenty-Fourth Defense

Plaintiff's alleged damages on her title VII claim are limited by statute.

**Twenty-Fifth Defense**

To the extent that Plaintiff's claims are predicated on speech, she is barred by the First Amendment to the United States Constitution and corresponding provisions of Alabama's Constitution.

**Twenty-Sixth Defense**

Any allegedly discriminatory by Defendant's agents or employees was not committed within the line and scope of their employment with Defendant and would have been contrary to Defendant's good faith efforts to comply with all federal and state laws.

**Twenty-Seventh Defense**

To the extent that Plaintiff seek to assert claims beyond the applicable statute of limitations, those claims are barred.

**Twenty-Eighth Defense**

Defendant reserves the right to assert that some or all of Plaintiff's claims are barred by the after-acquired evidence doctrine.

**Twenty-Ninth Defense**

Defendant will rely upon all proper defenses lawfully available that may be disclosed by evidence, and it reserves the right to amend and/or supplement its Answer to raise any additional defenses or assert any counterclaims which may become available during the discovery process.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully request that this Court enter judgment in its favor and order Plaintiff to pay all reasonable costs and attorneys' fees incurred by the Defendant in the defense of this matter and any such

other relief to which the Defendant may be entitled under law or statute or as this Court may deem just and proper.

                    Respectfully Submitted,

                    s/Sally B. Waudby
                    Sally B. Waudby ASB-4704-W84S
                    swaudby@lehrmiddlebrooks.com

                    s/Matthew W. Stiles
                    Matthew W. Stiles ASB 2429-E63S
                    mstiles@lehrmiddlebrooks.com

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002
(205) 326-3008 (Fax)

## CERTIFICATE OF SERVICE

     I hereby certify that on September 20, 2007, I filed the foregoing via electronic mail with the U. S. District Court, Middle District of Alabama, which will properly serve the following counsel of record via electronic delivery:

          Jackson B. Harrison, Esq.
          The Harrison Firm, LLC
          8425 Crossland Loop
          Montgomery, AL  36117

          Jack Linden McLean, Jr.
          Holland & Knight LLP
          1201 West Peachtree, N.W., Suite 2000
          Atlanta, GA  30309-3400

                    s/Sally B. Waudby
                    OF COUNSEL

183938