```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF ALABAMA
                    NORTHERN DIVISION
```

DOROTHY A. LANGFORD            )
                               )
     Plaintiff,                )
                               )
vs.                            )
                               ) CASE NO. 2:06-cv-01025-WKW-CSC
                               )
McDONALD'S CORPORATION and     )
   DBR, INC.                   )
                               )
     Defendant.                )
_____)

**ANSWER AND DEFENSES OF DEFENDANT McDONALD'S CORPORATION**
**TO PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR DAMAGES**

COMES NOW Defendant McDonald's Corporation ("McDonald's"), and files its Answer and Defenses to Plaintiff's Fourth Amended Complaint for Damages, showing this Court as follows:

**FIRST DEFENSE**

Plaintiff's Fourth Amended Complaint for Damages fails to state any actionable claims against McDonald's upon which relief can be granted, and Plaintiff's Fourth Amended Complaint for Damages should therefore be dismissed.

**SECOND DEFENSE**

McDonald's is named improperly as a Defendant in this lawsuit.

**THIRD DEFENSE**

McDonald's was never Plaintiff's employer.

### FOURTH DEFENSE

Plaintiff's claims for equitable relief are barred by one or more of the doctrines of laches, unclean hands, estoppel, and/or waiver.

### FIFTH DEFENSE

McDonald's never established any of the terms or conditions of Plaintiff's employment.

### SIXTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation or other time limits, both as to relief and evidence to be received in this action.

### SEVENTH DEFENSE

Plaintiff failed to exhaust her available administrative remedies, and is therefore barred from recovery in whole or in part.

### EIGHTH DEFENSE

McDonald's did not engage in or ratify or condone any discriminatory conduct toward Plaintiff.

### NINTH DEFENSE

Plaintiff cannot prove any discriminatory conduct by McDonald's; alternatively, even if Plaintiff could prove discriminatory conduct by McDonald's (which Plaintiff cannot), McDonald's would have taken the same actions based upon legitimate, non-discriminatory, and lawful reasons.

**TENTH DEFENSE**

Plaintiff is not entitled to some or all of the relief requested in her Fourth Amended Complaint because, even if McDonald's was found to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, which McDonald's denies, no material decisions or actions were motivated by any impermissible factors.

**ELEVENTH DEFENSE**

Plaintiff is not entitled to some or all of the relief requested in her Fourth Amended Complaint because, even if McDonald's was found to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, which McDonald's denies, McDonald's would have taken the same actions regardless of any impermissible factors.

**TWELFTH DEFENSE**

Some or all of Plaintiff's claims are barred because McDonald's maintained, disseminated and enforced a clear policy against discrimination, establishing reasonable and effective means of reporting and seeking relief from conduct believed to be discriminatory and because McDonald's acted in accordance with this policy at all times.

**THIRTEENTH DEFENSE**

McDonald's actions regarding Plaintiff were based on legitimate, non-discriminatory business reasons involving reasonable factors other than race.

**FOURTEENTH DEFENSE**

McDonald's has neither engaged in nor ratified or condoned any behavior of any of its agents which may be characterized as intentional, reckless, negligent, or otherwise unlawful.

**FIFTEENTH DEFENSE**

Plaintiff failed to mitigate her damages, and is therefore barred from recovery in whole or in part.

**SIXTEENTH DEFENSE**

McDonald's reserves the right to assert that some or all of Plaintiff's claims are barred by the after-acquired evidence doctrine.

**SEVENTEENTH DEFENSE**

McDonald's answers the individually enumerated paragraphs of Plaintiff's Complaint as follows:

**PARTIES**

1.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Fourth Amended Complaint for Damages, and therefore McDonald's denies those allegations.

2.

McDonald's admits the allegations contained in Paragraph 2 of Plaintiff's Fourth Amended Complaint for Damages, but McDonald's denies any and all liability to Plaintiff whatsoever, and denies that it is a proper party to this litigation.

3.

McDonald's admits the allegations contained in Paragraph 3 of Plaintiff's Fourth Amended Complaint for Damages, but McDonald's denies any and all liability to Plaintiff whatsoever, and denies that it is a proper party to this litigation.

## VENUE AND JURISDICTION

4.

McDonald's admits that this action purports to be brought under the statutes and laws identified in Paragraph 4 of Plaintiff's Fourth Amended Complaint for Damages, but McDonald's denies any and all liability to Plaintiff whatsoever, and denies that it is a proper party to this litigation.

5.

McDonald's admits that subject matter jurisdiction in this Court is proper, but McDonald's denies the remaining allegations contained in Paragraph 5 of Plaintiff's Fourth Amended Complaint for Damages and any and all liability to Plaintiff whatsoever. McDonald's further denies that it is a proper party to this litigation.

6.

McDonald's admits that venue is proper, but McDonald's denies the remaining allegations contained in Paragraph 6 of Plaintiff's Fourth Amended Complaint for Damages and any and all liability to Plaintiff whatsoever. McDonald's further denies that it is a proper party to this litigation.

**FACTS**

7.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of Plaintiff's Fourth Amended Complaint for Damages, and therefore McDonald's denies those allegations, and affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's was neither Plaintiff's employer, nor is it a proper party to this action.

8.

McDonald's admits that DBR, Inc. is the corporation that owns the McDonald's franchise identified by Plaintiff and located in Millbrook, Alabama, but McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Fourth Amended Complaint for Damages, and therefore McDonald's denies those allegations, and affirmatively states that even if the allegations against the franchisee-employer are

proven, McDonald's was neither Plaintiff's employer, nor is it a proper party to this action.

9.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Fourth Amended Complaint for Damages, and therefore McDonald's denies those allegations, and affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's was neither Plaintiff's employer, nor is it a proper party to this action.

10.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of Plaintiff's Fourth Amended Complaint for Damages, and therefore McDonald's denies those allegations, and affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's was neither Plaintiff's employer, nor is it a proper party to this action.

11.

McDonald's denies the allegations contained in Paragraph 11 of Plaintiff's Fourth Amended Complaint for Damages, and affirmatively states that even if the allegations against the

franchisee-employer are proven, McDonald's was neither Plaintiff's employer, nor is it a proper party to this action.

12.

McDonald's denies the allegations contained in Paragraph 12 of Plaintiff's Fourth Amended Complaint for Damages, and affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's was neither Plaintiff's employer, nor is it a proper party to this action.

13.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiff's Fourth Amended Complaint for Damages, and therefore McDonald's denies those allegations, and affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's was neither Plaintiff's employer, nor is it a proper party to this action.

14.

McDonald's denies the allegations contained in Paragraph 14 of Plaintiff's Fourth Amended Complaint for Damages, and affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's was neither Plaintiff's employer, nor is it a proper party to this action.

15.

McDonald's is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of Plaintiff's Fourth Amended Complaint for Damages, and therefore McDonald's denies those allegations, and affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's was neither Plaintiff's employer, nor is it a proper party to this action.

16.

McDonald's denies the allegations contained in Paragraph 16 of Plaintiff's Fourth Amended Complaint for Damages, and affirmatively states that even if the allegations against the franchisee-employer are proven, McDonald's was neither Plaintiff's employer, nor is it a proper party to this action.

**CAUSE OF ACTION**

17.

McDonald's hereby incorporates and realleges Paragraphs 1 through 16 as if fully set forth herein.

18.

McDonald's denies the allegations contained in Paragraph 18 of Plaintiff's Fourth Amended Complaint, and affirmatively states that even if the allegations against the franchisee-

employer are proven, McDonald's was neither Plaintiff's employer, nor is it a proper party to this action.

19.

To the extent Paragraph 19 of Plaintiff's Complaint requires an answer, McDonald's denies the allegations contained in Paragraph 19 of Plaintiff's Fourth Amended Complaint for Damages, and states that Plaintiff is not entitled to any of the relief sought through that Paragraph.

20.

McDonald's denies each and every allegation contained in Plaintiff's Fourth Amended Complaint for Damages not expressly admitted above, and McDonald's denies any and all liability to Plaintiff whatsoever.

**PRAYER FOR RELIEF**

21.

In response to the "Wherefore Paragraph," McDonald's denies that Plaintiff is entitled to any of the relief sought through that Paragraph, including Subparagraphs (a) – (d), and states that Plaintiff is not entitled to any relief in this action.

WHEREFORE, having answered Plaintiff's Fourth Amended Complaint for Damages in its entirety, Defendant McDonald's Corporation respectfully requests judgment in its favor, that all costs be cast against Plaintiff, and that it be awarded its reasonable attorneys' fees, expenses, and costs, as well as any

other relief to which it is entitled to receive at law or in equity.

This 21st day of September, 2007.

                                           Respectfully submitted,

                                           s/ Jack L. McLean, Jr.
                                           Jack L. McLean, Jr.
                                           Georgia Bar No. 496855
                                           *Admitted Pro Hac Vice*

**OF COUSNEL**:

HOLLAND & KNIGHT LLP
One Atlantic Center, Suite 2000
1201 West Peachtree Street, N.E.
Atlanta, Georgia  30309-3400
(404) 817-8500 (Telephone)
(404) 881-0470 (Facsimile)
jack.mclean@hklaw.com

                                         One of the Attorneys for Defendant McDonald's Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DOROTHY A. LANGFORD** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) CASE NO. 2:06-cv-01025-WKW-CSC |
| | ) |
| **McDONALD'S CORPORATION and** | ) |
| **DBR, INC.** | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this date served a copy of the within and foregoing **ANSWER AND DEFENSES OF McDONALD'S CORPORATION TO PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR DAMAGES** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

> Jackson B. Harrison
> The Harrison Law Firm, LLC
> 8425 Crossland Loop
> Montgomery, Alabama  36117
> lisaandbrett96@yahoo.com

> Sally B. Waudby
> Matthew W. Stiles
> Lehr, Middlebrooks & Vreeland, P.C.
> P.O. Box 11945
> Birmingham, Alabama  35202-1945
> swaudby@lehrmiddlebrooks.com
> mstiles@lehrmiddlebrooks.com

12

This 21st day of September, 2007.

        s/ Jack L. McLean, Jr.
        Jack L. McLean, Jr.
        Georgia Bar No. 496855
        *Admitted Pro Hac Vice*

# 4807749_v2