**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **DOROTHY A. LANGFORD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NUMBER:** |
| v. ) | **2:06-cv-01025-WKW** |
| ) | |
| **McDONALD'S CORPORATION and** ) | |
| **DBR, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

**REPORT OF PARTIES' PLANNING MEETING**

    The parties file with the Court the following Report of Parties' Planning Meeting pursuant to Federal Rules of Civil Procedure 26(f).

    1.    Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on October 4, 2007, and the following counsel participated Jackson B. Harrison, Esq. on behalf of Plaintiff, Dorothy Langford; Jack L. McLean, Jr., Esq. on behalf of McDonald's Corporation; and Sally Broatch Waudby, Esq. on behalf of Defendant, DBR, Inc.

    a. Synopsis of the case: Plaintiff asserts a race discrimination claim with regard to the termination of her employment. Defendants deny Plaintiff's allegations of discrimination and aver that all decisions made with regard to Plaintiff's employment were made for legitimate, non-discriminatory reasons. Defendants aver that Plaintiff has not been damaged by any actions of Defendants.

    Defendant McDonald's is the franchisor of the McDonald's franchise owned by Defendant DBR, Inc. Defendant McDonald's never employed Plaintiff; Defendant McDonald's neither had knowledge of nor any involvement in any employment decision forming the basis of Plaintiff's Complaint. Even if the allegations against Defendant

DBR, Inc. are proven, Defendant McDonald's is neither a proper party to this litigation, nor is it liable in any way for any of Plaintiff's claims.

2.  Pre-Discovery Disclosures. The parties will exchange by October 26, 2007, the information required by Rule 26.1(a)(1).

3.  Discovery Plan. The parties jointly propose to the Court the following plan:

   a.  Discovery will be needed on the following subjects: Plaintiff's claims and damages; Defendants' defenses.

   b.  Disclosure or discovery of electronically stored information ("ESI") should be handled as follows: where ESI is responsive to a discovery request or appropriately the subject of mandatory disclosures, the parties agree that reasonably accessible ESI should be produced in such situation either in hard copy or .pdf format, at the producing party's option. Only in circumstances where there is a question about the authenticity of a documents or a question about whether a document may have been altered, will production of ESI in a form with related metadata be required.

   c.  The parties have agreed to handle claims of privilege or of protection as trial-preparation material asserted after production, as follows:  1) the parties will enter into a Stipulation for Confidentiality Order; and 2) if information is produced in discovery that is subject to a claim of privilege or protection as trial-preparation material, the party making the claim should notify any party that received the information of the claim and the basis for it.  After being notified, unless there has been an undue delay in the assertion of the privilege, the receiving party will promptly return, sequester, or destroy the specified information and any copies it has and is

prohibited from using or disclosing the information. If there has been an undue delay in the assertion of the privilege, the receiving party may promptly present the information to the court under seal for a determination on the claim of privilege. In such a situation, the receiving party is prohibited from using or disclosing the information unless a determination of waiver is made by the Court. If a receiving party disclosed the information before being notified of the claim of privilege, it must take reasonable steps to retrieve the information and any copies thereof.

      d.    All discovery commenced in time to be completed on or before May 16, 2008.

      e.    Plaintiff shall execute a HIPAA medical authorization, to be provided by Defendants, by November 14, 2007. The parties will also submit to the Court the Qualified HIPAA Protective Order at an appropriate time.

      f.    Maximum of 35 interrogatories by each party to any other party. Responses due 30 days after service.

      g.    Maximum of 35 requests for production by each party to any other party. Responses due 30 days after service.

      h.    Maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service.

      i.    Maximum of 7 depositions by Plaintiff and 7 by each Defendant.

      j.    Reports from retained experts under Rule 26(a)(2) due:

          (1)    from Plaintiff by February 15, 2008;

          (2)    from Defendant by March 28, 2008.

          k.      Supplementations under Rule 26(e) due within thirty days after the discovery of the need for supplementation or by May 1, 2008.

    4.      Other Items.

          a.      The parties do not request a conference with the Court before entry of the scheduling order.

          b.      Plaintiff should be allowed until November 21, 2007 to join additional parties and to amend the pleadings.

          c.      Defendants should be allowed until December 22, 2007 to join additional parties and to amend the pleadings.

          d.      All potentially dispositive motions should be filed on or before June 16, 2008.

          e.      Settlement cannot be realistically evaluated prior to completion of some discovery. At this time, the parties do not believe that ADR and/or mediation will be helpful, but will alert the Court if this situation changes.

          f.      The parties request a final pretrial conference in September 2008.

          g.      Final lists of trial evidence and objections thereto under Rule 26(a)(3) will be due on dates as determined by the Court:

               (1)      from Plaintiff: witnesses and exhibits thirty (30) days before trial.

               (2)      from Defendants: witnesses and exhibits twenty (20) days before trial.

          h.      The case should be ready for trial in October 2008 and at this time is expected to take approximately 2-3 days.

DATED this 11th day of October, 2007.

        Respectfully Submitted,

        s/Sally B. Waudby
        Sally B. Waudby
        ASB-4704-W84S
        swaudby@lehrmiddlebrooks.com
        Counsel for DBR, Inc.

Lehr Middlebrooks & Vreeland, P.C.
P.O. Box 11945
Birmingham, AL 35202-1945
(205) 326-3002
(205) 326-3008 (Fax)

        s/Jack L. McLean, Jr.
        Jack L. McLean, Jr.
        Georgia Bar No. 496855
        *Admitted Pro Hac Vice*
        jack.mclean@hklaw.com
        Counsel for McDonald's Corporation

Jack L. McLean, Jr., Esq.
Holland & Knight LLP
One Atlantic Center, Suite 2000
1201 West Peachtree, N.W.
Atlanta, GA  30309-3400
(404) 817-8558
(404) 881-0470 (Fax)

        s/Jackson B. Harrison
        Jackson B. Harrison
        lisaandbrett96@yahoo.com
        Counsel for Plaintiff

The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, AL  36117
(334) 819-8920
(334) 819-8923 (Fax)

187189
# 4846292_v2