IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DOROTHY A. LANGFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:06cv1025-WKW |
| | ) |
| MCDONALD'S CORPORATION and | ) |
| DBR, INC., | ) |
| | ) |
| Defendants. | ) |

**PROTECTIVE ORDER**

Now pending before the court is the parties' joint motion for a protective order (doc. # 49).  Upon consideration of the motion, and for good cause, it is

ORDERED that the motion for a protective order (doc. # 49) be and is hereby GRANTED.

The parties hereto having consented through their respective counsel for the entry of this Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, in order to protect the confidentiality of certain information and to facilitate discovery, it is further

ORDERED as follows:

1.	This Order shall govern all documents produced by the parties in this action. Furthermore, this Order shall govern all information derived from such documents and all copies, excerpts or summaries thereof.

2.	In addition, the following documents and all information derived from such documents shall be designated confidential:

      a.      Any document from the personnel or employment file of any employee or former employee of Defendants;

      b.      Any documents, whether or not located in a personnel file, concerning information of employees or former employees of Defendants;

      c.      Any other documents which a party in good faith designates as "confidential."

3.     Such confidential documents shall be used solely for the purpose of this action, shall not be used for any other business, competitive or other purpose, and shall not be disclosed to any other person or third party other than:

      a.      Counsel for the parties in the above-styled action, including employees of such counsel to the extent necessary to render professional services in the above-entitled action;

      b.      The parties in the above-styled action;

      c.      The Court and persons employed by the Court working on this litigation;

      d.      Court reporters at the proceedings in this action;

      e.      Experts or consultants retained or consulted by the parties, but only as set out in paragraph four below; and

      f.      Deponents, trial witnesses and potential deposition witnesses, but only as set out in paragraph four below.

4. Prior to making such disclosure of any confidential documents or information pursuant to paragraph three, counsel making such disclosure shall inform any person to whom disclosure is being made that the information or documents, or any portions thereof, may be used only for the purposes set forth in this Protective Order.

5. Upon request by the producing party, within 90 (ninety) days of the conclusion of this matter as to all parties, each confidential document and all excerpts or summaries thereof produced by that party, shall be returned to the producing party.

6. Nothing in this Order shall prevent a party from any use of its own confidential documents.

7. The inadvertent or unintentional disclosure of any confidential information shall not be construed to be a waiver, in whole or part, of any party's claim of confidentiality, either as to the specific confidential information disclosed or as to other related information.

8. Any party may apply to the Court for relief from this Order. The party seeking relief from this Order shall specify which documents designated as "confidential" by the opposing party it wishes to disclose outside the confines of this litigation and the purpose for which and the manner in which it seeks to disclose the information. Neither party shall disclose any information designated as "confidential" by an opposing party without the written consent of the opposing parties or the express permission of the Court.

9. Before seeking relief from the Court due to an alleged violation of this Order, the party seeking relief will attempt to resolve the matter by agreement with the other party.

10. The terms of this Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by order of the Court.

Done this 9th day of November, 2007.

                                              /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE